IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT W. JOHNSON                                                                                  PLAINTIFF

v.                                    Civil No. 2:23-CV-02109-SOH

DONALD J. TRUMP, FACEBOOK,
META LLC, RUDY GIULIANI,
JOHN EASTMAN, MARK MEADOWS,
KENNETH CHESEBRO, JEFFREY
CLARK, JENNA ELLIS, RAY SMITH III,
ROBERT CHEEKEY, CATHLEEN
LATHAM, SCOTT HALL, STEPHEN LEE,
HARRISON FLOYD, TREVIAN KUTTI,
SIDNEY POWELL, MISTY HAMPTON,
MICHAEL ROMAN, DAVID SHAFER,
SHAWN STILL, VLDMIR PUTIN and
TWITTER                                                                                           DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is the deficient nature of Plaintiff's Complaint, as well as Plaintiff's refusal to obey a Court Order and failure to prosecute this case.

### I.      BACKGROUND

Plaintiff filed his Complaint on August 29, 2023. (ECF No. 2). While the Complaint is devoid of any jurisdictional and venue allegations, the Plaintiff lists his current mailing address as Buffalo, New York. (*Id*. at 3). Plaintiff's two-page Complaint is also devoid of any factual allegations. (*Id*. at 1-2). Instead, Plaintiff makes the conclusory allegation that all Defendants "committed identity theft, fraud, U.S. Constitutional violations, RICO Acts, and Due Process

1

Violations against Robert W. Johnson." (*Id*. at 2). He asks for $100,000,000.00 in punitive damages and "100% ownership of Defendants assets & liquidations: all other reliefs just and proper." (*Id*.).

On August 30, 2023, the Court entered an Order directing Plaintiff to file a completed *in forma pauperis* ("IFP") application or pay the filing fee by September 20, 2023. (ECF No. 5). Plaintiff was also directed to submit an Amended Complaint to correct the deficiencies in his initial Complaint. (ECF No. 6). The Amended Complaint was also due by September 20, 2023. (*Id*.).

Plaintiff submitted his IFP application, showing no assets or income, and a document which was filed as a Supplement to his Complaint on September 18, 2023. (ECF Nos. 7, 8). In his Supplement, Plaintiff states:

> I, Robert Johnson, have stated in initial complaint that all listed Defendants are responsible for election fraud, RICO Acts, Ponzi schemes, Ethics and Government Acts, Ponzi Schemes Act and Black Collar Crimes against the Plaintiff and the U.S. Constitution. Robert W. Johnson reserves all rights for sanctions and exhaustion of administrative remedies and appeals due to ongoing Ethics and Government Acts, Ponzie Schemes, and RICO Acts."

Neither the Complaint nor the Supplement are signed under penalty of perjury. Neither document provides any jurisdictional allegations to support a finding that jurisdiction in this Court is proper. Further, neither document contains any allegations of fact.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently ....
> If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party

> proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. ANALYSIS

Even under the notice pleading standard of Fed. R. Civ. P. 8(a)(2), a Plaintiff must still plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Mere "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to meet the requirements of Rule 8. Even a *pro se* Plaintiff must allege specific facts sufficient to state a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); *see also Christiansen v. West Branch Community School Dist.*, 674 F.3d 927, 934 (8th Cir. 2012) (noting that "a gallimaufry of labels, conclusions, formulaic recitations, naked assertions and the like" fail to state a claim upon which relief can be granted). The vague and conclusory allegations in Plaintiff's initial Complaint are wholly deficient as a pleading. Plaintiff provides no factual allegations whatsoever as to either the substance of his claims or his jurisdictional basis for submitting this case to a District Court in Arkansas when he lists his mailing address as Buffalo, New York.

3

The Court gave Plaintiff an opportunity to correct these deficiencies when it ordered him to submit an Amended Complaint, and it provided him with a court-approved Complaint Form to aid him in doing so. Plaintiff expressly refused to obey the Court's Order. Instead, he informed the Court that he had already stated his claims clearly and added a few more conclusory allegations for good measure.

Thus, Plaintiff has refused to comply with a Court Order. Plaintiff's pleadings are deficient on their face. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint, as supplemented (ECF Nos. 2, 8), should be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of September 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE